**UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT**

| | | |
|---|---|---|
| INTERNATIONAL UNION OF OPERATING ENGINEERS, STATIONARY ENGINEERS, LOCAL 39, | ) ) ) ) | |
| Petitioner | ) ) | No. 23-124 |
| v. | ) ) | Board Case No. 20-CA-270047 |
| NATIONAL LABOR RELATIONS BOARD | ) ) | |
| Respondent | ) ) ) | |

**OPPOSITION TO PROPOSED INTERVENOR'S MOTION TO DISMISS THE UNION'S PETITION FOR REVIEW AND, IN THE ALTERNATIVE, TO TRANSFER**

To the Honorable, the Judges of the United States
 Court of Appeals for the Ninth Circuit:

The National Labor Relations Board ("the Board"), by its Deputy Associate General Counsel, hereby files this opposition to the motion to dismiss and, in the alternative, transfer filed by Macy's, Inc. ("Macy's"). In support of its position, the Board offers the following:

1. On January 17, 2023, the Board issued an order against Macy's, finding that it had violated Section 8(a)(3) and (1) of the National Labor Relations Act ("the Act"), 29 U.S.C. §§ 151, 158(a)(3), (1), by locking out employees without clearly and fully informing them of conditions that must be met in order to

be reinstated. *Macy's, Inc.*, 372 NLRB No. 42, 2023 NLRB LEXIS 20 (Jan. 17, 2023).

2.      On January 19, Macy's petitioned the Fifth Circuit for review of the Board's Order. And on January 25, the International Union of Operating Engineers, Stationary Engineers, Local 39 ("Union"), which represents the locked-out employees, petitioned this Court for review of the same Board Order, because the Board denied its request for certain remedies.

3.      On February 1, the United States Judicial Panel on Multidistrict Litigation designated this Court to consider the Union's petition (Case No. 23-124) and Macy's' petition. Pursuant to that designation, the Fifth Circuit transferred Macy's' petition to this Court. (Case No. 23-150). The Board then cross applied for enforcement of its order. (Case No. 23-188). Macy's moved to intervene in the Union's review proceedings (Case No. 23-124); that motion is pending before the Court. The Board has not yet filed the record in any of the three cases but will do so consistent with the Federal Rules of Appellate Procedure.

**ARGUMENT**

I.      **Macy's Motion To Dismiss Reads *Local 501* Too Broadly**

Macy's now moves to dismiss the Union's petition for review (Case No. 23-124), asserting that the Union is not an aggrieved party under the Act.[1]  Macy's relies primarily on the Court's decision in *International Union of Operating Engineer Local 501 v. NLRB*, 949 F.3d 477 (9th Cir. 2020) ("*Local 501*"), to claim that the Union is not aggrieved.  Macy's' reading of *Local 501*, however, fails to appreciate the distinct procedural history and facts of that case in relation to the instant matter.

Here, based on an unfair-labor-practice charge filed by the Union, the General Counsel issued a complaint alleging that Macy's violated Section 8(a)(3) and (1) of the Act by locking out its employees.  An administrative law judge found the violation as alleged and recommended certain remedies.  *Macy's*, 372 NLRB No. 42, slip op. at 1.  Macy's and the Union filed exceptions with the Board.  Macy's' exceptions focused on the judge's legal analysis and argued that the lock out was justified as both an offensive and defensive measure.  (Macy's'

---

[1] Section 10(f) of the Act provides that "[a]ny person aggrieved by a final order of the Board granting or denying in whole or in part the relief sought may obtain a review of such order in any United States court of appeals in the circuit wherein the unfair labor practice in question was alleged to have been engaged in or wherein such person resides or transacts business, or in the United States Court of Appeals for the District of Columbia, by filing in such a court a written petition praying that the order of the Board be modified or set aside."  29 U.S.C. § 160(f).

Exceptions Br. at pp. 23-45, attached to Macy's' MTD as Exh. G.) Having prevailed on the merits, the Union focused its challenges on the remedial portions of the judge's recommended order and argued for more robust relief. The Union sought additional remedies including, for example:

- readings of the Board's remedial notice to employees, in addition to the posting of the notice at Macy's northern California and Reno, Nevada facilities;
- readings of the notice in the presence of union representatives and at union meetings;
- mailing the notice to employees;
- work time for employees to read the notice;
- consequential damages;
- posting a Notice of Employee Rights document; and
- proposed changes to the notice language.

(Union's Exceptions Br. at 1-3, attached to Macy's' MTD as Exh. I.)

The Board denied all of Macy's' exceptions and adopted the judge's decision finding a violation of the Act. *Macy's*, 372 NLRB No. 42, slip op. at 1. The Board, in partial agreement with the Union's exceptions, amended the make-whole relief and modified the judge's recommended order to provide that Macy's shall compensate employees for any direct or foreseeable pecuniary harms incurred as a result of the unlawful lockout, including reasonable search-for-work and interim employment expenses, regardless of whether these expenses exceed interim earnings. *Id.* at 1 n.2. The Board denied the Union's remaining exceptions. *Id.*

4

In its motion to dismiss, Macy's broadly argues (Macy's' MTD at pp. 6-10) that the Union cannot be aggrieved after having prevailed on the underlying unlawful-lock-out allegation and having obtained the relief requested by the General Counsel before the Board.[2]  In pressing this argument, Macy's relies on *Local 501*.  As we now show, reliance on *Local 501* is misplaced because the union there sought a remedy for a violation that was not even alleged, not (as here) additional remedies for a violation that was alleged and found.  Further, *Local 501* does not restrict a charging party's right to seek remedies beyond those pursued by the General Counsel.

In *Green Valley Ranch Resort Spa Casino*, 366 NLRB No. 58, 2018 NLRB LEXIS 151 (Apr. 12, 2018), the underlying Board decision on review in *Local 501*, the employer refused to recognize and bargain with a union after the Board had certified the union as the exclusive bargaining representative of a unit of the employer's technicians.  The employer challenged the union's certification,

---

[2] Macy's asserts that the remedies sought by the Union on exceptions to the Board were "pie in the sky" and an attempt to render an appearance of aggrievement. (Macy's' MTD at pp. 5, 7.)  It bears noting that the Board did modify the judge's recommended remedy in response to the Union's exception concerning consequential damages. The denial of the other remedies sought by the Union was based only on the Board's determination that "traditional remedies are sufficient to effectuate the policies of the Act in this matter." *Macy's*, 372 NLRB No. 42, slip op. at 1 n.2.  The Board did not express whether that determination reflected a close call or whether any or all such remedies might be appropriate in different circumstances.  As appellate counsel, we take no position on such questions here.

5

arguing that the employees were guards and therefore could not be represented by the union. *Id*. at *1. The case involved *only* a refusal-to-recognize-and-bargain allegation; there were no other allegations in the case. The Board found that the employees were not guards and, therefore, that the employer's refusal to bargain violated the Act. The employer appealed. The scope of the Court's review was limited to the Board's sole finding that the challenged employees were not guards under the Act.

Notwithstanding the narrow issue before the Court, the union sought to expand appellate review by claiming that the Board should have ordered the employer to provide information to the union—a remedy for a violation that was not in the case. *See Int'l Union of Operating Eng'r Local 501 v. NLRB*, 9th Cir. Case No. 18-71124, Docket Entry No. 31 (Oct. 15, 2018). Before the Board, the union had not charged, the complaint had not alleged, the parties had not litigated, and the Board had not addressed an information-request violation. Accordingly, throughout the appeal, the Board urged the Court to dismiss the union's petition for lack of aggrievement inasmuch as its claim for a remedy to an unalleged violation was insufficient to confer standing. *See Int'l Union of Operating Eng'r Local 501 v. NLRB*, Ninth Circuit, Case No. 18-71124, Docket Entry Nos. 9, 10, 59 (Apr. 27 and May 4, 2018, June 11, 2019). It was in that specific context that the Court

6

denied the union's petition for review for lack of standing.[3]  Therefore, *Local 501*'s holding is confined to those cases where a party seeks to fault the Board for declining to order a remedy to a violation that is neither alleged in the complaint nor litigated by the parties below.

Moreover, Macy's' reading of *Local 501* would strip charging parties (here, the Union) of their right under Section 10(f) of the Act to obtain judicial review when the Board denies "relief sought."  While the Act vests the General Counsel with exclusive jurisdiction to investigate and prosecute unfair-labor-practice complaints, once a complaint has issued, responsibility for fashioning an appropriate remedy for the alleged unfair labor practices rests with the Board.  *See* 29 U.S.C. § 153(d).  In exercising that authority, the Board permits the charging party to seek relief not sought by the General Counsel.  *See Kaumagraph Corp.*, 313 NLRB 624, 625 (1994) (charging party may introduce evidence supporting remedy not sought by General Counsel).  That is to say, the parties and the General Counsel may advocate for particular remedies, but the Board has ultimate authority

_____

[3] The Court broadly stated, without providing the surrounding context of the case: "Finally, the Union seeks review of the Board's decision not to impose an affirmative remedy ordering [the employer] to provide certain information that it had previously requested in a letter to the company.  The Union does not deny that the Board granted it all of the relief that it had specifically sought in the charge form and complaint.  It therefore does not have standing to bring this petition, as it is not a 'person aggrieved' within the meaning of 29 U.S.C. § 160(f)." *Local 501*, 949 F.3d at 482 (footnote omitted).

to order the appropriate remedy. Permitting charging parties to seek a remedy, but then finding they are not aggrieved if the Board fails to impose it, would make the Board's order denying the remedy not subject to judicial review, which is inconsistent with the Act. *See* 29 U.S.C. § 160(f) ("[a]ny person aggrieved by a final order of the Board granting or denying in whole or in part the relief sought may obtain a review of such order").

In short, *Local 501* does not affect the Union's standing or aggrievement in this case. Unlike in *Local 501*, the relief sought by the Union and denied by the Board here all relate to the unlawful-lock-out violation. And the Act and extant Board law make it clear that the Union may pursue remedies other than those advanced by the General Counsel.

## II. The Board Opposes Macy's Motion To Transfer as Premature

In the alternative, Macy's asks this Court to transfer the Union's petition for review to the Fifth Circuit. The Board opposes Macy's' transfer request as premature under 28 U.S.C. § 2112(a)(5), which provides in relevant part that: "For the convenience of the parties in the interest of justice, the court in which the record is filed may thereafter transfer all the proceedings with respect to that order to any other court of appeals." Here, the Board has not yet filed the record, so the transfer request comes too early.

After the Board has filed the record with the Court, Macy's would be free to file a timely motion to transfer to the Fifth Circuit (or another circuit) "for the convenience of the parties in the interest of justice." 28 U.S.C. § 2112(a)(5). At that appropriate time, the Court could then consider all relevant factors and not simply Macy's' choice of venue (Macy's MTD at p. 19). For instance, in addition to Macy's' preference for the Fifth Circuit, longstanding precedent would allow the Court to consider that here the issues and conduct on appeal are local and do not have corporate-wide implications and that the parties, facilities, and employees are all located within this circuit. *See, e.g.*, *Liquor Salesmen's Union v. NLRB*, 664 F.2d 1200, 1205 & n.5 (D.C. Cir. 1981) (listing factors and citing cases).[4] Accordingly, the Court should deny the motion to transfer at this time and permit the parties to offer arguments for and against transfer once the Board has filed the record.[5]

---

[4] *Liquor Salesmen's Union* addresses only factors relevant to transfer; it does not bear on aggrievement or standing for purposes of obtaining judicial review or dismissal. The court's discussion of "aggrievement" in *Liquor Salesmen's Union* concerned the parties' competing degrees of injury for determining whether one circuit was better suited under transfer precedent to hear the controversy—it was not about whether *any* court had jurisdiction to hear the case.

[5] If the Court dismisses the Union's petition for review (Case No. 23-124), Macy's' petition for review (Case No. 23-150) and the Board's cross-application for enforcement (Case No. 23-188) should likewise not be subject to a transfer motion until the Board has filed the record.

WHEREFORE, the Board respectfully opposes Macy's' motion to dismiss and, in the alternative, transfer the above-captioned review proceeding to the Fifth Circuit.

Respectfully submitted,

/s/ Ruth E. Burdick
Ruth E. Burdick
Deputy Associate General Counsel
NATIONAL LABOR RELATIONS BOARD
1015 Half Street, SE
Washington, DC 20570
(202) 273-2960

Dated at Washington, DC
this 16th day of February 2023

10

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

| | | |
|---|---|---|
| INTERNATIONAL UNION OF OPERATING ENGINEERS, STATIONARY ENGINEERS, LOCAL 39, | ) ) ) | |
| | ) | No. 23-124 |
| Petitioner | ) | |
| | ) | |
| v. | ) | Board Case No. 20-CA-270047 |
| | ) | |
| NATIONAL LABOR RELATIONS BOARD | ) | |
| | ) | |
| Respondent | ) | |
| | ) | |

## CERTIFICATE OF COMPLIANCE

Pursuant to Federal Rule of Appellate Procedure 32(g)(1), the Board

certifies that its motion contains 2251 words of proportionally-spaced, 14-point

type, and the word processing system used was Microsoft Word 2016.

Respectfully submitted,

/s/ Ruth E. Burdick
Ruth E. Burdick
Assistant General Counsel
National Labor Relations Board
1015 Half Street, SE
Washington, DC 20570
(202) 273-2960

Dated at Washington, DC
this 16th day of February 2023

**UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT**

| | | |
|---|---|---|
| INTERNATIONAL UNION OF OPERATING ENGINEERS, STATIONARY ENGINEERS, LOCAL 39, | ) ) ) ) | |
| Petitioner | ) ) | No. 23-124 |
| v. | ) ) | Board Case No. 20-CA-270047 |
| NATIONAL LABOR RELATIONS BOARD | ) ) | |
| Respondent | ) ) | |

**CERTIFICATE OF SERVICE**

I hereby certify that on February 16, 2023, I electronically filed the foregoing document with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the ACMS system. I certify that the foregoing document will be served via the ACMS system on all parties or their counsel of record.

s/Ruth E. Burdick
Ruth E. Burdick
Assistant General Counsel
National Labor Relations Board
1015 Half Street, SE
Washington, DC 20570
(202) 273-2960

Dated at Washington, DC
this 16th day of February 2023