CASE NO. 23-124, 23-150, 23-188

IN THE UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

INTERNATIONAL UNION OF OPERATING ENGINEERS,
STATIONARY ENGINEERS, LOCAL 39

*Petitioner and Intervenor*

v.

NATIONAL LABOR RELATIONS BOARD

*Respondent and Petitioner*

and

MACY'S INC.

*Respondent and Intervenor*

ON APPEAL FROM NATIONAL LABOR RELATIONS BOARD
CASE NO. 20-CA-270047

**PETITIONER AND INTERVENOR'S REPLY BRIEF**

DAVID A. ROSENFELD, Bar No. 058163
GARY P. PROVENCHER, Bar No. 250923
SARA J. ZOLLNER, Bar No. 342345
WEINBERG, ROGER & ROSENFELD
A Professional Corporation
1375 55th Street
Emeryville, California 94608
Telephone (510) 337-1001
Fax (510) 337-1023

*Attorneys for Petitioner and Intervenor,*
INTERNATIONAL UNION OF OPERATING ENGINEERS, STATIONARY
ENGINEERS, LOCAL 39

# **TABLE OF CONTENTS**

**Page**

I. THE COURT HAS JURISDICTION BECAUSE THE UNION IS A PERSON AGGRIEVED UNDER THE ACT. ..........................1

II. THIS COURT SHOULD REMAND TO THE BOARD TO GRANT ADDITIONAL REMEDIES. ........................................................3

    A. THE BOARD SHOULD REQUIRE THE MEMBERS OF MANAGEMENT INVOLVED IN THE LOCKOUT DECISION TO READ THE NOTICE AT ALL IMPACTED LOCATIONS ....................................3

    B. THE BOARD NOTICE SHOULD BE POSTED FOR THE LENGTH OF TIME BETWEEN WHEN THE UNFAIR LABOR PRACTICE BEGAN AND WHEN THE NOTICE IS POSTED .................................................................3

    C. THE BOARD SHOULD REQUIRE THE EMPLOYER TO MAIL THE NOTICE AND THE DECISION TO ALL EMPLOYEES OF MACY'S AT THE LOCATIONS WHERE LOCKED-OUT EMPLOYEES WORKED AND TO THE LOCKED-OUT EMPLOYEES ................................................................4

    D. THE NOTICE SHOULD EXPLAIN THE CONDUCT THAT VIOLATED THE LAW ........................................4

III. THE COURT SHOULD OTHERWISE ENFORCE THE BOARD'S ORDER IN LIGHT OF THE EMPLOYER'S UNLAWFUL CONDUCT .................................................................5

# TABLE OF AUTHORITIES

**Page**

**Federal Cases**

*Chatham Mfg. Co. v. NLRB*,
   404 F.2d 1116 (4th Cir. 1968) ....................................................................... 1, 2

*International Union of Operating Engineers Local 501 v. NLRB*,
   949 F.3d 477 (9th Cir. 2020) ............................................................................. 2

*Oil, Chemical & Atomic Workers Local Union No. 6-418 v. NLRB*,
   694 F.2d 1289 (D.C. Cir. 1982) ........................................................................ 1

*Truck Drivers Local No. 728 v. NLRB*,
   386 F.2d 643 (D.C. Cir. 1967) .......................................................................... 1

**Federal Statutes**

28 U.S.C. § 2112(a)(5) ............................................................................................. 2

29 U.S.C. § 160(e) ................................................................................................ 1, 2

29 U.S.C. § 160(f) ................................................................................................. 1, 2

**Regulations**

29 C.F.R. § 102.46 ................................................................................................ 1, 2

ii

I. **THE COURT HAS JURISDICTION BECAUSE THE UNION IS A PERSON AGGRIEVED UNDER THE ACT.**

Macy's argues that the Union is not a person aggrieved under 29 U.S.C. section 160(f) and therefore its petition is not properly before the Court. Macy's Brief at pp. 24-26. Macy's argument reflects a fundamental misunderstanding of Board law and procedure.

Under section 160(f), any "person aggrieved" may seek review of a Board order "granting or denying in whole or in part the relief sought." While "person aggrieved" is not defined within the section itself, it is well established through case law that a charging party that gets "less than he requested" is treated as a person aggrieved under the section. *Chatham Mfg. Co. v. NLRB*, 404 F.2d 1116, 1118 (4th Cir. 1968). This holds true even if the person seeking review is the prevailing party. For instance, in *Oil, Chemical & Atomic Workers Local Union No. 6-418 v. NLRB*, 694 F.2d 1289, 1294-96 (D.C. Cir. 1982), the union prevailed in the proceeding before the Board, but because "it was not granted the relief requested," it was deemed to have standing as an aggrieved party. *See also Truck Drivers Local No. 728 v. NLRB*, 386 F.2d 643, 644 (D.C. Cir. 1967) ("Plainly the motion to dismiss filed by Georgia Highway Express, Inc. (Company) must be denied since the failure of the Board to grant the additional relief sought renders the Union a 'person aggrieved' by the Board's order within the meaning of § 10(f) of the Act, 29 U.S.C. § 160(f).")

Here, the Union properly raised several issues with the adequacy of the remedy ordered by the Administrative Law Judge in its cross-exceptions. *See* E.R. 27-31. Exceptions or cross-exceptions are the appropriate process to raise remedial issues. 29 U.S.C. § 160(e) (requiring exception to be made before the Board); 29 C.F.R. § 102.46. The Board noted and but did not grant the remedies sought by the Union in its cross-exceptions. E.R. 4, fn. 2. Because the Union received "less than

1

[it] requested," *Chatham Mfg. Co.*, 404 F.2d at 1118, it is an aggrieved person and may seek review of the Board's Order in this Court.

Macy's heavy reliance on *International Union of Operating Engineers Local 501 v. NLRB*, 949 F.3d 477, 482 (9th Cir. 2020) is misplaced. In unfair labor practice proceedings, the charging party is not required, or even able, to specify remedies in the charging document filed with a regional NLRB office. Furthermore, the charging party does not draft the complaint which is ultimately issued. Therefore, Macy's argument that the Union, the charging party here, is not a "person aggrieved" under section 160(f) because the Board's decision "granted it all of the relief that it had specifically sought in the charge form and complaint," *Int'l Union of Operating Eng'rs Local 50*, 949 F.3d at 482, is inconsistent with how unfair labor practice charges proceed. As established above, the appropriate process for the charging party to raise remedial issues is through exceptions or cross-exceptions. 29 U.S.C. § 160(e); 29 C.F.R. § 102.46. The Union raised remedial issues in its properly filed cross-exceptions. Macy's did not raise any objections to the Union's cross exceptions to the Board, and therefore its argument is foreclosed in this Court. 29 U.S.C. § 160(e).

Finally, we note that although Macy's does business in the Fifth Circuit, the location of this dispute is in this Circuit. Thus, the statutory scheme favors this Court, although we agree that there exists a statutory option to file in any court where the petitioner does business. This case could have been properly transferred to this Court after the record was filed. 28 U.S.C.§ 2112(a)(5). If there is any abusive forum shopping, it lies with Macy's, not with the Union.

/ / /

/ / /

/ / /

/ / /

2

## II. THIS COURT SHOULD REMAND TO THE BOARD TO GRANT ADDITIONAL REMEDIES.

### A. THE BOARD SHOULD REQUIRE THE MEMBERS OF MANAGEMENT INVOLVED IN THE LOCKOUT DECISION TO READ THE NOTICE AT ALL IMPACTED LOCATIONS

Macy's is attempting to downplay the severity of its conduct to avoid being required to conduct a notice reading. To be clear: Macy's locked out dozens of workers across Northern California and Nevada, without pay or benefits, during a pandemic and holiday season despite those workers' unconditional offer to return to work. It has now been close to three years since the lockout and Macy's still refuses to accept accountability for that conduct. By requiring members of management to read the notice aloud to employees, the Board would be ensuring not only that the employees are aware of their rights, but that management is aware that their conduct was unlawful, deterring future unlawful conduct.

### B. THE BOARD NOTICE SHOULD BE POSTED FOR THE LENGTH OF TIME BETWEEN WHEN THE UNFAIR LABOR PRACTICE BEGAN AND WHEN THE NOTICE IS POSTED

The employer locked out employees nearly three years ago. By the time this Court enforces the Board's Order, there will likely have been close to four years of delay, during which periods there has been a significant turnover of employees and managers. Posting a notice for only sixty days, four or more years after the unlawful conduct, is close to meaningless. The short period encourages delay because it means that new employees who see the notice will have no idea why it was posted. Those who were affected will not see it posted.

In order to more completely remedy the violations, Macy's must give employees ample time to read and understand what the violations were, which can be accomplished in part through a longer posting period. The longer posting serves as a deterrent to further misconduct and delay. It serves to ensure that new employees who are hired after a short 60-day period also see the notice.

3

### C. THE BOARD SHOULD REQUIRE THE EMPLOYER TO MAIL THE NOTICE AND THE DECISION TO ALL EMPLOYEES OF MACY'S AT THE LOCATIONS WHERE LOCKED-OUT EMPLOYEES WORKED AND TO THE LOCKED-OUT EMPLOYEES

Requiring Macy's to mail the notice and decision to employees at the impacted locations would ensure that all impacted employees are aware of the violation and Macy's role in it. Any resolution from this case will have been significantly delayed from the actual misconduct, which took place nearly three years ago. There has likely been significant turnover since then.[1] The requirement for electronic mailing is meaningless except to those who return to work since they will not have access to any intranet customarily used for employees. Mailing a notice and the decision to all impacted employees is the only way to guarantee all employees are aware that Macy's was found to have violated the Act and ordered to remedy the effects of the unfair labor practices.

### D. THE NOTICE SHOULD EXPLAIN THE CONDUCT THAT VIOLATED THE LAW

Finally, we press our issue that the Board notice should contain some simple language describing the violation that occurred. We suggested that language in our Opening Brief. *See* Pet'r's Opening Br. 17-22, DktEntry 26.1. In effect, the notice should explain that the employer unlawfully locked out employees. The current notice only states what the employer is obligated not to do, not what it did. This is not adequate because employees who read the notice are left without any explanation as to the nature of the employer's misconduct. They have no explanation that the employer unlawfully locked out employees. The notice only states that "We will not lock you out…" No explanation is given that there was a lockout and that it was illegal nor why. All that they know from the notice is that the employer is obligated in the future not to lock out employees. The notice, thus,

---

[1] The Board's remedy requires electronic distribution but only to current employees. But there is no guarantee that Macy's has current email address of any of the employees who left. It certainly has at least last known addresses and the Board and Charging Party can supply current addresses. See E.R. at 4.

4

is inadequate because the employees at the worksite currently have no idea of what went on and the reason for the notice posting. Those who were locked out may have more idea of what happened but few of them will see the notice. Current employees who will see the posted notice or an electronic version need to know that Macy's illegally locked out employees at a minimum.

### III. THE COURT SHOULD OTHERWISE ENFORCE THE BOARD'S ORDER IN LIGHT OF THE EMPLOYER'S UNLAWFUL CONDUCT

The Union joins the Board's Answering Brief. Substantial evidence supports the Board's finding that Macy's violated the law when it locked out employees following the Union's unconditional offer of its members to return to work.. Thus, except for the specific challenges explained in the Union's Opening Brief and in this Reply Brief seeking additional remedies the Union urges the Court to otherwise affirm the Board's decision.

Date: November 13, 2023

Respectfully Submitted

By: /s/ David A. Rosenfeld
DAVID A. ROSENFELD
GARY P. PROVENCHER
SARA J. ZOLLNER
WEINBERG, ROGER & ROSENFELD
A Professional Corporation

155091\1407446

Attorneys for Petitioner and Intervenor,
INTERNATIONAL UNION OF OPERATING ENGINEERS, STATIONARY ENGINEERS, LOCAL 39

5

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

## Form 8. Certificate of Compliance for Briefs

*Instructions for this form:*
*http://www.ca9.uscourts.gov/forms/form08instructions.pdf*

**9th Cir. Case Number(s)** 23-124, 23-150, 23-188

I am the attorney or self-represented party.

**This brief contains 1,484 words,** excluding the items exempted by FRAP 32(f). The brief's type size and typeface comply with FRAP 32(a)(5) and (6).

I certify that this brief *(select only one)*:

[X] complies with the word limit of Cir. R. 32-1.

[ ] is a **cross-appeal** brief and complies with the word limit of Cir. R. 28.1-1.

[ ] is an **amicus** brief and complies with the word limit of FRAP 29(a)(5), Cir. R. 29-2(c)(2), or Cir. R. 29-2(c)(3).

[ ] is for a **death penalty** case and complies with the word limit of Cir. R. 32-4.

[ ] complies with the longer length limit permitted by Cir. R. 32-2(b) because *(select only one)*:
    [ ] it is a joint brief submitted by separately represented parties.
    [ ] a party or parties are filing a single brief in response to multiple briefs.
    [ ] a party or parties are filing a single brief in response to a longer joint brief.

[ ] complies with the length limit designated by court order dated _____.

[ ] is accompanied by a motion to file a longer brief pursuant to Cir. R. 32-2(a).

**Signature** *s/ David A. Rosenfeld_____* **Date** _November 13, 2023_____
*(use "s/[typed name]" to sign electronically-filed documents)*

6

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

## Form 15. Certificate of Service for Electronic Filing

*Instructions for this form:*
*http://www.ca9.uscourts.gov/forms/form15instructions.pdf*

**9th Cir. Case Number(s)** 23-124, 23-150, 23-188

I hereby certify that I electronically filed the foregoing/attached document(s) on this date with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit using the Appellate Electronic Filing system.

**Service on Case Participants Who Are Registered for Electronic Filing:**
[X] I certify that I served the foregoing/attached document(s) via email to all registered case participants on this date because it is a sealed filing or is submitted as an original petition or other original proceeding and therefore cannot be served via the Appellate Electronic Filing system.

**Service on Case Participants Who Are NOT Registered for Electronic Filing:**
[ ] I certify that I served the foregoing/attached document(s) on this date by hand delivery, mail, third party commercial carrier for delivery within 3 calendar days, or, having obtained prior consent, by email to the following unregistered case participants *(list each name and mailing/email address)*:

**Description of Document(s)** *(required for all documents)*:

**PETITIONER AND INTERVENOR'S REPLY BRIEF**

**Signature** *s/ Katrina Shaw*     **Date** November 13, 2023
*(use "s/[typed name]" to sign electronically-filed documents)*

7